```
           IN THE UNITED STATES DISTRICT COURT FOR THE
                   EASTERN DISTRICT OF VIRGINIA
                        ALEXANDRIA DIVISION


EMANUEL JOHNSON, JR. (for     )
himself and on behalf         )
of his minor daughter),       )
                              )
           Plaintiff,         )
v.                            )    CIVIL ACTION NO. 05-207
                              )
DONALD G. LYDDANE, JR.        )
AND ROCK "N" FIRE             )
SOFTBALL ASSOC., INC.,        )
                              )
           Defendants.        )
```

**MEMORANDUM ORDER**

THIS MATTER is before the Court on Defendants Donald Lyddane, Jr. ("Mr. Lyddane") and Rock "N" Fire Softball Association, Inc.'s ("RNF") (collectively, "Defendants") Motion to Dismiss and for Sanctions.  Plaintiff *Pro Se* Emanuel Johnson ("Plaintiff," "Mr. Johnson") alleges that his minor daughter's softball coach, Mr. Lyddane, did not give her as much playing time as the other girls on the RNF team.  When Mr. Johnson vociferously confronted the coach about why his daughter did not receive more playing time, Mr. Lyddane told Mr. Johnson his daughter could no longer remain on the team because "he could not be coaching and subject himself to a possible lawsuit from plaintiff E. Johnson."  First Amended Compl. ¶¶ 60-65.  Mr. Johnson subsequently filed suit on February 23, 2005.  Mr. Johnson alleges various counts against the defendants pursuant to 42 U.S.C. § 1983.  These include retaliation for expressing first

amendment rights and rights to engage in litigation, denial of due process, denial of equal access, and per se violation of Mr. Johnson's daughter's constitutional rights.  In addition, Mr. Johnson alleges intentional and negligent infliction of emotional harm and seeks declaratory and injunctive relief, as well as damages of $ 20 million.[1]

The questions before the Court are (1) whether the plaintiffs state a claim pursuant to § 1983 and for intentional or negligent emotional harm, and (2) whether the Court should impose sanctions on Mr. Johnson pursuant to Federal Rule of Civil Procedure 11.  The Court grants Defendants' motion to dismiss the § 1983 claims because neither RNF nor Mr. Lyddane acted under color of state law in removing Mr. Johnson's daughter from the team.  The Court grants Defendants' motion to dismiss the negligent and intentional infliction of emotional harm claims because the Court is without jurisdiction to hear these claims since the parties are not diverse and no federal question is presented on the face of the complaint after dismissal of the § 1983 claims.  The Court denies Defendants' motion for sanctions because sanctions are not warranted in this case.

---

[1] While the First Amended Complaint notes that the plaintiff and his daughter are African American and Mr. Lyddane is white, the complaint does not allege that race was a factor in the coach's decision.  First Amended Compl. at 4-6.

**DISCUSSION**

**Standard of Review**

A Federal Rule of Civil Procedure 12(b)(6) motion should not be granted unless it appears beyond a doubt that a plaintiff can prove no set of facts in support of the plaintiff's claim that would entitle the plaintiff to relief.  F̲ED̲. R. C̲IV̲. P. 12(b)(6); *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In considering a Rule 12(b)(6) motion, the Court must construe the complaint in the light most favorable to the plaintiff, read the complaint as a whole, and take the facts asserted therein as true.  *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Conclusory allegations regarding the legal effect of the facts alleged need not be accepted.  *See Labram v. Havel*, 43 F.3d 918, 921 (4th Cir. 1995).  Because the central purpose of the complaint is to provide the defendant "fair notice of what the plaintiff's claim is and the grounds upon which it rests," the plaintiff's legal allegations must be supported by some factual basis sufficient to allow the defendants to prepare a fair response.  *Conley*, 355 U.S. at 47.  In addition, when reviewing a *pro se* complaint, a court must carefully examine the plainitff's allegations, no matter how inartfully pleaded to determine whether they could provide a basis for relief.  *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1977).

**Analysis of Motion to Dismiss**

The Court dismisses the § 1983 claims pursuant to Federal Rule of Civil Procedure 12(b)(6) because RNF and Mr. Lyddane did not act under color of state law in discharging Mr. Johnson's daughter from the team.  In *National Collegiate Athletic Assoc. v. Tarkanian*, 488 U.S. 179 (1988), the United States Supreme Court reaffirmed that in the realm of Fourteenth Amendment jurisprudence, there exists "a dichotomy between state action, which is subject to scrutiny under the Amendment's Due Process Clause, and private conduct, against which the Amendment affords no shield, no matter how unfair that conduct may be."  *Id.* at 191.  RNF is not a state actor.  RNF's bylaws specify that it is "organized exclusively for charitable, non-profit purposes... to promote the development of strong character, athletic skills and a sense of responsibility and citizenship in young women."  Bylaws § 2.  RNF was incorporated in Virginia, it is a 501(c)(3) corporation, and it is not affiliated with the Commonwealth of Virginia or with the federal government.  Likewise, Mr. Lyddane, the coach of RNF, is not affiliated with the Commonwealth of Virginia or the federal government.  His service as a police officer with the District of Columbia Metropolitan Police Department and any incidents that may or may not have occurred in 1977 do not serve to establish the "color-of-law" requirements for § 1983 actions or actions under the Fourteenth Amendment.  As a result, the Court dismisses Counts I, II, III, IV, and VII of

the plaintiff's First Amended Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

The Court dismisses counts V and VI, for intentional and negligent infliction of emotional distress, and the other remaining counts[2] because the Court lacks jurisdiction since no federal question is presented.  Plaintiffs allege federal question jurisdiction pursuant to 28 U.S.C. § 1331 in paragraph two of the First Amended Complaint and allege no other basis for jurisdiction in this Court.  Since the Court has dismissed the claims that serve as the basis for the federal question jurisdiction, i.e., the § 1983 claims, the Court lacks jurisdiction to hear this case.

**Analysis of Motion for Sanctions**

The Court denies Defendants' motion for sanctions because the *pro se* plaintiffs conducted an objectively reasonable prefiling investigation of their claims.  Rule 11 specifies that attorneys and *pro se* plaintiffs must sign pleadings, motions or other papers filed with the court. FED. R. CIV. P. 11(a).  Such a signature constitutes a certification that (1) the paper is not being presented for any "improper purpose," (2) legal contentions therein are "warranted," (3) allegations have evidentiary

---

[2] The remaining counts are actually prayers for relief, rather than bases for relief and are improperly pled as counts in the complaint.

5

support, and (4) denials of allegations are warranted on the evidence. *Id.* Failure to comply with Rule 11's requirements may result in sanctions by the Court in certain circumstances. *See id.* "The basic requirement of Rule 11 is that an unrepresented party or a represented party's attorney conduct a prefiling investigation of law and fact which is objectively reasonable under the circumstances." *Harmon v. O'Keefe*, 149 F.R.D. 114, 116 (E.D.Va. 1993) (citing *Brubaker v. City of Richmond*, 943 F.2d 1363, 1373 (4th Cir. 1991)). Pro se pleadings, however, are "granted a degree of indulgence not extended to lawyers when determining in whether to impose monetary sanctions pursuant to Rule 11." *Laremont-Lopez v. Southeastern Tidewater Opportunity Center*, 968 F.Supp. 1075, 1078 (E.D.Va. 1997). The *pro se* plaintiffs' complaint demonstrates an effort to understand the law at issue and to seek out facts to support their claims, even if they were ultimately unsuccessful in their attempts. Consequently, the Court denies the defendants' motion for sanctions pursuant to Rule 11.

**CONCLUSION**

For the foregoing reasons, it is hereby

ORDERED that Defendants Donald Lyddane, Jr. and Rock "N" Fire Softball Association, Inc.'s motion to dismiss is GRANTED and motion for sanctions is DENIED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this ___13th____ day of May, 2005.

_____/s/_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
5/13/05